UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PACIFIC WESTERN BANK,<br><br>          Plaintiff,<br><br>          v.<br><br>COREY WELP, J. TODD RAYMOND, GERALD MARTIN, AND PATRICK HYNES,<br><br>          Defendants. | Index No. |

## VERIFIED COMPLAINT

Plaintiff Pacific Western Bank, as and for its Complaint (the "Complaint") against defendants Corey Welp, J. Todd Raymond, Gerald Martin, and Patrick Hynes, alleges as follows:

## NATURE OF THE ACTION

1. This is an action by a lender/agent for damages and/or injunctive relief relating to defendants' breach of a written Guaranty Agreement ("Guaranty"), as described more fully herein.

## PARTIES

2. Plaintiff Pacific Western Bank ("Plaintiff," "Agent," or "Pacific Western") is a California state-charted bank with its principal place of business at 9701 Wilshire Blvd, Ste 700, Beverly Hills, California, 90212.

3. Upon information and belief, defendant Corey Welp is an individual residing at 3128 Stanford Ave, Dallas, TX 75225.

4. Upon information and belief, defendant J. Todd Raymond is an individual residing at 3511 N. Racine Ave, Apt. 1E, Chicago, IL 60657.

5. Upon information and belief, defendant Gerald Martin is an individual residing at 9 Edgemere Dr., Matawan, NJ 07747.

6. Upon information and belief, defendant Patrick Hynes is an individual residing at 5 Bellevue Ln., Matawan, NJ 07747.

7. Defendants Corey Welp, J. Todd Raymond, Gerald Martin, and Patrick Hynes are collectively referred to as "Defendants" or "Guarantors."

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship because Plaintiff and Defendants are, respectively, citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue in this District is proper under 28 U.S.C. § 1391 because: (i) the Property that is the subject of the loan transactions and Guaranty at issue in this action is located in this District and (ii) the parties agreed in the Guaranty to venue in this District.

## FACTUAL BACKGROUND

10. Plaintiff Pacific Western Bank is a lender and agent with respect to a certain term loan, project loan, and building loan (collectively, the "Loans") to non-party Ramland Holdings, LLC ("Ramland" or "Borrower"), relating to property located in Orangeburg, New York (the "Property").

11. According to the Guaranty, dated as of December 31, 2014, by and among Plaintiff and each of the Defendants, as thereafter amended, each Defendant is the owner of direct or indirect interests in Ramland.

2

**The Project Loan Agreement**

12. The Loans were made to Ramland pursuant to: (a) a Project Loan Agreement dated as of December 31, 2014, as amended, by and among Ramland, Plaintiff, and various lenders from time to time party thereto (the "Project Loan Agreement"), (b) an Amended and Restated Building Loan Agreement dated as of December 31, 2014, as amended, by and among Ramland, Plaintiff, and the lenders from time to time party thereto, and (c) a Term Loan Agreement dated as of December 31, 2014, as amended, by and among Ramland, Plaintiff, and the lenders from time to time party thereto (collectively, the "Loan Agreements"). A true and correct copy of the Project Loan Agreement, with amendments, is attached hereto as **Exhibit A.**

13. Section 13.8(f) of the Project Loan Agreement requires Ramland to pay to Pacific Western a Contingency Reserve (the "Contingency Reserve") in the amount of $2,000,000 to pay Debt Service and Approved Operating Expenses, as defined in the Project Loan Agreement.

14. Section 13.8(f) of the Project Loan Agreement, as thereafter amended, provides that: "[i]f at any time the balance of the Contingency Reserve is less than $1,025,000.00, Agent [Pacific Western] shall provide written notice thereof to Borrower [Ramland] and, within ten (10) days after Borrower's [Ramland's] receipt of such notice, Borrower [Ramland] shall deposit additional funds [(the "Deficiency Deposit")] into the Contingency Reserve so that the balance thereof is not less than $2,025,000.00 the "Contingency Reserve Obligation")." *See* Ex. A (Fourth Amendment to the Project Loan Agreement) ¶6.

**Defendants' Obligations Under the Guaranty**

15. Pursuant to Section 2.01 of the Guaranty, Defendants jointly and severally guaranteed certain of Ramland's obligations under the Loan Agreements (the "Guaranteed

3

Obligations"). A true and correct copy of the Guaranty, as amended, is attached hereto as **Exhibit B**.

16. One of the Guaranteed Obligations is the Contingency Reserve Obligation (Section 2.02(c) of the Guaranty).

17. Section 3.01 of the Guaranty provides that the Guaranty is an irrevocable, absolute, and unconditional covenant of the Defendants and subjects the Defendants to joint and several liability for the Guaranteed Obligations, including the Contingency Reserve Obligation.

18. Section 3.02 of the Guaranty provides that the Guaranteed Obligations shall not be reduced, discharged, or released because of any existing or future offset, claim, or defense of Ramland or any other person against Agent or any lender or against payment of the Guaranteed Obligations.

19. Section 3.03 of the Guaranty provides that Plaintiff has the right to require each of the Guarantors to pay, comply with, and satisfy the Contingency Reserve Obligation under the Guaranty, and proceed immediately against any Guarantor, or any part of them, with respect thereto, irrespective of whether Plaintiff has first exhausted other remedies against Ramland or otherwise.

20. The Guaranty further provides in Section 3.04 that if all or any part of the Guaranteed Obligations shall not be punctually paid when due, Guarantors shall pay, immediately upon demand by Agent for the benefit of the lenders, as an addition to the Guaranteed Obligations, interest on the Guaranteed Obligations at the Default Rate, as defined in the Project Loan Agreement.

21. In addition, pursuant to Section 3.05 of the Guaranty, on written demand by Pacific Western, Defendants are required to immediately pay all enforcement costs associated

with the collection of any amount payable under the Guaranty or the enforcement or protection of Pacific Western's rights under the Guaranty including, without limitation, costs and reasonable attorney's fees, with interest at the Default Rate, as defined in the Project Loan Agreement.

22. Section 3.07 of the Guaranty provides that each Guarantor acknowledges and agrees that all obligations thereunder are joint, several, absolute, and unconditional under any and all circumstances without regard to the validity, regularity, or enforceability of any or all of the Loan Documents or the existence of any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a Guarantor.

23. Section 3.08 of the Guaranty provides, among other things, that the Guarantors waive and relinquish any defense to the obligation to make any payments required under the Guaranty.

24. Section 3.16 of the Guaranty provides, among other things, that each of the Guarantors may be required to pay the Guaranteed Obligations in full without assistance or support of any other Guarantor or any other party.

25. Section 5.08 of the Guaranty provides, among other things, that the Guarantors expressly and unconditionally waive, in connection with any suit, action or proceeding brought by Agent pursuant to this Guaranty or any other loan document, any and every right they may have to: (a) interpose any counterclaim therein unless under the applicable rules of court such counterclaim must be asserted in such proceeding, or (b) have the same consolidated with any other or separate suit, action or proceeding unless under the applicable rules of court such suit, action or proceeding must be consolidated with the proceeding brought by Agent.

26. Section 5.09 of the Guaranty provides, among other things, that the Guarantors acknowledge and agree that as of the date hereof they have no defense, counterclaim, offset,

cross-complaint, claim or demand of any kind or nature whatsoever that can be asserted to reduce or eliminate all or any part of its liability to repay the Guaranteed Obligations or to seek affirmative relief or damages of any kind or nature from Agent or any lender.

27. The Guaranty further provides in Section 5.15 that the Guarantors recognize that in the event they fail to perform any of their obligations under the Guaranty, no remedy of law will be adequate to provide adequate relief to Agent, and Agent shall be entitled to temporary and permanent injunctive relief in any such case without the necessity of proving actual damages.

**Notices of Default For Failure to Satisfy the Contingency Reserve Obligation**

28. Despite due demand, Defendants failed repeatedly to honor their obligations under the Guaranty.

29. By letters dated September 18, 2018 and December 4, 2018 and sent via Federal Express (individually, the "September 18, 2018 Default Letter" and the "December 4, 2018 Default Letter" and collectively, the "Default Letters"), Plaintiff provided written notice to Ramland and Defendants that the Contingency Reserve fell below $1,025,000 and demanded that additional funds be paid into the Contingency Reserve so that the balance thereof would be $2,025,000. The Default Letters are attached hereto as **Exhibits C** and **D**.

30. The September 18, 2018 Default Letter stated in pertinent part:

> [a]s of the date of this letter and considering the outstanding $950,000 Sixth Amendment Fee, the balance of the Contingency Reserve is $484,430.86, which is less than the $1,025,000 minimum balance of the Contingency Reserve required by Section 13.8(f) of the Project Loan Agreement; consequently, this letter constitutes formal written notice to Borrower and Guarantors pursuant to Section 13.8(f) of the Project Loan Agreement that Borrower is required to deposit $1,540,569.14 into the

      Contingency Reserve (the "Deficiency Deposit") within ten (10) days after Borrower's receipt of this letter so that the balance thereof is $2,025,000.

31.    The December 4 Default Letter stated in pertinent part:

      [a]s of the date of this letter and considering the outstanding $950,000 Sixth Amendment Fee, the balance of the Contingency Reserve is $39,390.01, which is less than the $1,025,000 minimum balance of the Contingency Reserve required by Section 13.8(f) of the Project Loan Agreement. Pursuant to Section 2.02(c) of the Guaranty, Guarantors guaranteed payment of all amounts to be deposited into the Contingency Reserve pursuant to such Section 13.8(f). This letter constitutes Agent's written demand to the Guarantors pursuant to Section 3.04 of the Guaranty to deposit $1,985,609.99 into the Contingency Reserve within seven (7) days to replenish the balance of the Contingency Reserve to $2,025,000.

32.    Despite receiving the Default Letters, Defendants failed to honor their Contingency Reserve Obligation under the Guaranty, and refused to deposit any Deficiency Deposit into the Contingency Reserve.

33.    Accordingly, Defendants have been, and continue to be, in breach of the Contingency Reserve Obligation.

## CAUSE OF ACTION
### (Breach of the Contingency Reserve Obligation of the Guaranty)

34.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.    Plaintiff provided written notice to each Guarantor of their obligations and defaults under the Guaranty.

36.    By failing to timely replenish the Contingency Reserve and make the Deficiency Deposit, upon proper written notice, the Guarantors have been, and continue to be, in breach of the Contingency Reserve Obligation, making them liable to Plaintiff under the Guaranty.

37. As of December 11, 2018, the Deficiency Deposit amounts to $1,890,436.91. A computer screen shot of Ramland's account showing the Contingency Reserve account balance and Deficiency Deposit as of December 11, 2018 is attached hereto as **Exhibit E.**

38. Accordingly, Defendants are liable to Plaintiff for the Deficiency Deposit either by paying Plaintiff directly or through injunctive relief requiring Defendants to deposit the Deficiency Deposit into the Contingency Reserve, along with interest, enforcement costs, and reasonable attorney's fees.

39. No action has been brought to recover any part of the Loans.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a) Damages in the amount of the Deficiency Deposit, with interest, or, in the alternative, an Order requiring Defendants to immediately deposit the Deficiency Deposit into the Contingency Reserve;

b) Damages in the amount of Plaintiffs' enforcement costs, including without limitation, reasonable attorney's fees, with interest; and

c) Such other and further relief as this Court may deem just, proper, and equitable.

Dated: December 13, 2018

ARENT FOX LLP

By: s/ Mark Bloom
Mark A. Bloom, Esq.
Alissa F. Bard, Esq.
Arent Fox LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019-6040

Tel. (212) 484-3900  
Fax (212) 484-3990  
*mark.bloom@arentfox.com*  
*alissa.bard@arentfox.com*

*Attorneys for Plaintiff*  
*Pacific Western Bank*

## VERIFICATION

STATE OF MARYLAND )
) ss.:
COUNTY OF MONTGOMERY )

Jason Schwartz, being duly sworn, deposes and says:

1. That he is SVP, Managing Director of Plaintiff Pacific Western Bank.

2. That he has read the foregoing Verified Complaint and knows the contents thereof; the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief; and as to those matters deponent believes it to be true.

3. The sources of his knowledge, information, and belief are personal knowledge, information supplied to him by Plaintiff's employees and agents, and/or records kept by Plaintiff in the ordinary course of business.

Sworn to before me this
13 day of December, 2018.

_____
Jason Schwartz
SVP, Managing Director

_____
Notary Public Cecilia M. Lindgren

[Notary Seal: CECILIA MARIE LINDGREN, NOTARY PUBLIC, Comm. Exp. Jan 31, 2022, Montgomery County, STATE OF MARYLAND]